UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2025 DEC 22 A 11: 19

CLERK OF COURT

MICHAEL J. ARCHIMEDE, )
)
Plaintiff, )
)
v. ) Civil Action No. 25-C 2007
)
UNITED STATES OF AMERICA, )
)
Defendant. )

CIVIL COMPLAINT FOR RETURN OF PROPERTY
(FED. R. CRIM. P. 41(g))

Plaintiff Michael J. Archimede, appearing pro se for purposes of this civil action only, alleges as follows:

## I. JURISDICTION

1. This is a civil action seeking equitable relief pursuant to Federal Rule of Criminal Procedure 41(g) for the return of property unlawfully retained by the United States.

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and Rule 41(g), which permits a person aggrieved by the deprivation of property to seek its return.

3. Venue is proper in the Eastern District of Wisconsin because the property was seized in Waukesha County, Wisconsin.

## II. PARTIES

4. Plaintiff Michael J. Archimede is an individual residing in Waukesha, Wisconsin.

5. Defendant United States of America acted through its agents, including the Federal Bureau of Investigation.

## III. FACTUAL ALLEGATIONS

6. On May 22, 2025, agents of the Federal Bureau of Investigation executed a search warrant at S41W26893 Oak Grove Lane, Waukesha, Wisconsin.

7. During the search, agents seized Plaintiff's personal property, including a cellular telephone and a laptop computer.

8. Plaintiff has not been charged with any criminal offense related to the seizure, and no criminal case is pending against him in any federal court.

9. Plaintiff made repeated written requests for the return of his property.

10. On December 5, 2025, an FBI Special Agent advised Plaintiff that the property would be retained as evidence in an ongoing investigation.

11. Plaintiff advised the FBI that while he has counsel for any potential criminal charges, he is proceeding pro se in this civil matter seeking return of property.

12. Despite the passage of more than seven months, the government continues to retain Plaintiff's devices.

13. The continued deprivation of Plaintiff's property has caused significant hardship, including inability to access tax records needed to respond to an IRS notice regarding Plaintiff's 2022 tax return and inability to obtain health insurance.

14. Plaintiff believes the government has had ample time to image or copy any data it claims is necessary, and continued retention of the physical devices is unreasonable.

## IV. CLAIM FOR RELIEF
(Return of Property – Rule 41(g))

15. Plaintiff lawfully owns the seized property.

16. Plaintiff has a possessory interest in the property.

17. The government's continued retention of Plaintiff's property is not reasonable and causes ongoing hardship.

18. Equity favors the return of Plaintiff's property.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Order the United States to return all property seized from Plaintiff on May 22, 2025;

B. In the alternative, order the United States to complete any remaining forensic imaging within seven (7) days and return the physical devices immediately thereafter;

C. Grant such other and further relief as the Court deems just and proper.

Dated: December 22, 2025

Respectfully submitted,

[signature]

Michael J. Archimede
136 N. James Street
Waukesha, WI 53186
Pro Se Plaintiff